**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARMAINE PFENDER | |
| Appellant | No. 839 WDA 2016 |

Appeal from the PCRA Order May 10, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008537-1984

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 03, 2017**

Appellant, Charmaine Pfender, appeals from the order entered on May 10, 2016, which dismissed her fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant was born on January 18, 1966 and "was 18 years and [six] months old when the events giving rise to her conviction occurred." Appellant's Brief at 6; Commonwealth's Information, 8/13/84, at 1.  In sum, on August 7, 1984, Appellant killed one man and shot another; in 1985, a jury found Appellant guilty of first-degree murder and other offenses.

On October 25, 1985, the trial court sentenced Appellant to serve a mandatory term of life in prison, without the possibility of parole, for her first-degree murder conviction and to serve consecutive terms of imprisonment for her other offenses.  On April 4, 1988, this Court "affirm[ed

* Retired Senior Judge assigned to the Superior Court.

Appellant's] judgment of sentence for murder," but "vacate[d Appellant's] judgment of sentence for" the non-homicide charges and remanded the case for resentencing on the non-homicide charges. ***Commonwealth v. Pfender***, 540 A.2d 543, 549 (Pa. Super. 1988). On March 17, 1989, the trial court resentenced Appellant in accordance with our order and we affirmed Appellant's judgment of sentence on December 18, 1989. ***Commonwealth v. Pfender***, ___ A.2d ___, 543 Pittsburgh 1989 (Pa. Super. 1989) (unpublished memorandum) at 1-4. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

In the ensuing years, Appellant filed three PCRA petitions, all of which were dismissed by the PCRA court. Appellant then filed her current PCRA petition on March 24, 2016. The current petition constitutes Appellant's fourth PCRA petition – and Appellant filed the current petition over three years after the dismissal of her third PCRA petition and over 26 years after her judgment of sentence became final. Within the current petition, Appellant relied upon ***Miller v. Alabama***, where the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 2460 (2012). Appellant claimed that her mandatory sentence of life in prison without the possibility of parole is unconstitutional under the Eighth Amendment to the United States Constitution, as interpreted by ***Miller***. Specifically, Appellant claimed, her sentence is unconstitutional

- 2 -

because: 1) "her youth at the time of the offense rendered her categorically less culpable under *Miller*;" 2) "her experience of extreme childhood and adolescent abuse rendered her categorically less culpable under *Miller*;" 3) "the combined effect of her youth at the time of the offense and her experience of extreme childhood and adolescent abuse rendered her categorically less culpable under *Miller*;" and, 4) "Pennsylvania law permitting the imposition of mandatory life without parole sentences on 18-year-olds when such a sentence is now prohibited for 17-year-olds lacks a rational basis and therefore violates the equal protection rights of [Appellant] under the [United States] and Pennsylvania [Constitutions]." Appellant's Fourth PCRA Petition, 3/24/16, at 2. Moreover, Appellant claimed that her current petition is timely, as she filed the petition within 60 days after the United States Supreme Court decided *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016) and held that the new substantive rule announced in *Miller* applied retroactively to cases on collateral review. *See Montgomery*, 136 S.Ct. at 732.

On April 20, 2016, the PCRA court provided Appellant with notice that it intended to dismiss her PCRA petition in 20 days, without holding a hearing, as the petition was untimely. PCRA Court Order, 4/20/16, at 1; *see also* Pa.R.Crim.P. 907(1). In particular, the PCRA court noted that the petition was untimely because Appellant was not a juvenile at the time she committed the homicide – and, thus, the holdings of *Miller* and *Montgomery* did not apply to her case. *Id.* Appellant responded to the

- 3 -

PCRA court's notice by reiterating her claim that **Miller** applied, as she was "barely a legal adult" and, independently, suffered from diminished capacity when she committed the murder. Appellant's Response, 5/6/16, at 3 and 8. Appellant also reiterated her claim that she is entitled to relief under the equal protection clause, as there is no rational basis for permitting an 18-year-and-one-day-old murder defendant to receive a mandatory sentence of life in prison without the possibility of parole – while prohibiting the same sentence for a 17-year-and-364-day-old defendant. **Id.** at 10-11. Appellant requested an evidentiary hearing to support her claims for relief. **Id.** at 11.

The PCRA court finally dismissed Appellant's petition on May 10, 2016 and Appellant filed a timely notice of appeal. Appellant raises five claims to this Court:

> [1.] Did the PCRA court err in rejecting Appellant's claim that **Miller v.** [**Alabama's**] Constitutional requirement of consideration of age-related factors prior to imposing life without parole sentences applies to [Appellant] who was considered a child under Pennsylvania law and possessed those characteristics of youth identified as Constitutionally significant for sentencing purposes by the [United States] Supreme Court?
>
> [2.] Did the PCRA court err in rejecting Appellant's claim that the rule of law announced in **Miller** requires retroactive invalidation of a mandatory life without parole sentence imposed on an offender with diminished culpability caused by extreme childhood physical, psychological, and sexual abuse?
>
> [3.] Did the PCRA court err in rejecting Appellant's claim that the combined effect of [Appellant's] youth and her experience of extreme childhood and adolescent physical,

- 4 -

psychological, and sexual abuse render her less culpable under *Miller* and therefore require reversal of her sentence?

[4.] Did the PCRA court err in rejecting Appellant's claim that Pennsylvania law permitting mandatory sentences of life without parole for crimes committed by 18-year-olds lacks a rational basis given *Miller's* prohibition against such sentences for offenders aged 17 and younger and therefore violates the equal protection clauses of the Pennsylvania and [United States] Constitutions?

[5.] Did the PCRA court abuse its discretion in failing to hold an evidentiary hearing where [Appellant] had raised issues of material fact that entitle her to relief?

Appellant's Brief at 4 (internal bolding and some internal capitalization omitted).

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Eichinger*, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

[The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.

. . .

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have

been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Appellant's judgment of sentence became final at the end of the day on January 17, 1990, which was 30 days after this Court affirmed Appellant's judgment of sentence and the time for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant had until January 17, 1991 to file a timely PCRA petition. Since Appellant filed her current petition on March 24, 2016, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to her case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

- 6 -

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), *quoting* **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted). Moreover, since the plain statutory language of section 9545 demands that the PCRA petition "allege" all elements of the statutory exception, it is clear that – to properly invoke the "newly recognized constitutional right" exception – the petitioner must plead each of the above-stated elements in the petition. 42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's PCRA petition, Appellant claims that her sentence is unconstitutional and subject to correction based on the holding of **Miller v. Alabama**. Appellant also claims that her petition is timely, as she filed her petition within 60 days of the date the United States Supreme Court decided **Montgomery v. Louisiana** and held that the new substantive rule announced in **Miller** applied retroactively to cases on collateral review. **See Montgomery**, 136 S.Ct. at 732.

We agree that Appellant filed her petition within 60 days after the Supreme Court decided **Montgomery** and that, in **Montgomery**, the Supreme Court held that the new rule of law announced in **Miller** applies retroactively to cases on collateral review.[1] **See Montgomery**, 136 S.Ct. at 732. Thus, if the right announced in **Miller** applies to Appellant's claim or

_____

[1] The United States Supreme Court decided **Montgomery** on January 25, 2016. Appellant filed the current petition on March 24, 2016, which was 59 days after the Supreme Court decided **Montgomery**.

claims, the petition is timely as to that specific claim. *See Abdul-Salaam*, 812 A.2d at 501-502 ("[a] ruling concerning the retroactive application of [a] new constitutional right must be made prior to the filing of the petition for collateral relief"); *see also Commonwealth v. Porter*, 35 A.3d 4, 13-14 (Pa. 2012) ("the[] provisions [in 42 Pa.C.S.A. § 9545(b)(1) and (2) (relating to the PCRA's time-bar exceptions)] are claim-specific, as they would have to be, given the [60-]day restriction"). However, we conclude that, since Appellant was over 18-years-old when she committed the murder, *Miller* does not apply to her case; as such, Appellant's petition is untimely and the PCRA court properly dismissed the petition. To be sure, this Court has already issued controlling precedent on every claim that Appellant brings to this Court.

We will consider Appellant's first three claims together. As Appellant claims, her youth at the time of the murder, the characteristics of youth she possessed at the time, and her "experience of extreme childhood and adolescent physical, psychological, and sexual abuse" – individually and as combined – "render her less culpable under *Miller*" and require the invalidation of her mandatory sentence of life in prison without the possibility of parole. *See* Appellant's Brief at 11-34. This Court does not have jurisdiction to consider the merits of Appellant's claims.

Appellant's claims rest upon the premise that this Court must look beyond *Miller's* categorical holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth

- 9 -

Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. According to Appellant, this Court must look to *Miller's* reasoning – and to its recognition that "youth is more than a chronological fact" and that juveniles have a "lessened culpability" and a greater "capacity for change." *Id.* at 2461 and 2467 (internal citations, quotations, and corrections omitted); *see also* Appellant's Brief at 11-34. Appellant claims that *Miller's* actual holding eschews a categorical, age-based cut-off and, instead, prohibits mandatory sentences of life in prison without the possibility of parole for all individuals who possess the "mitigating attributes of youth" and for all individuals who "suffer[] from severe hardship and abuse." *See* Appellant's Brief at 11-34.

At the outset, Appellant has overstated *Miller's* holding. *Miller's* holding was simply (and explicitly) that "mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460 (emphasis added). To be sure, we have recognized this fact. *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) ("[t]he *Miller* decision applies to only those defendants who were under the age of 18 at the time of their crimes") (internal quotations and citations omitted). Thus, the entire basis for Appellant's first three claims on appeal is unsound and not supported by the law or our controlling precedent.

- 10 -

What Appellant really asks this Court to do is extend ***Miller's*** holding, so that it encompasses individuals who were 18 years old or older at the time of their crimes, but who possessed the "mitigating attributes of youth" and who "suffered from severe hardship and abuse." ***See*** Appellant's Brief at 11-34. We have rejected this argument in two prior opinions and we reject the argument here. ***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013) ("[a]ppellants . . . contend that because ***Miller*** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in ***Miller*** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains. However, we need not reach the merits of [a]ppellants' argument, as their contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)") (emphasis in original); ***Furgess***, 149 A.3d at 94 ("[a]ppellant argues that he [] may invoke ***Miller*** because he was a 'technical juvenile,' and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the ***Miller*** decision, this argument by

- 11 -

[a]ppellant seeks an **extension** of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding. . . . We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in [*Cintora*]. . . . *Cintora* remains controlling on this issue, and [a]ppellant's assertion of the time-bar exception at Section 9545[(b)(1)(iii)] must be rejected") (emphasis in original).

Put simply, the newly-recognized constitutional right exception to the PCRA's one-year time-bar applies only to the specific "right" the Supreme Court recognized – and not to an extension of the right, based upon the underlying reasoning contained within the Supreme Court's opinion. 42 Pa.C.S.A. § 9545(b)(1)(iii) ("[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . . **the right asserted** is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively") (emphasis added). Since the right recognized in *Miller* was that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'" – and, since Appellant was older than 18 at the time she committed the murder, *Miller* does not apply

to her case. *Miller*, 132 S.Ct. at 2460. We thus do not have jurisdiction to consider the merits of Appellant's first three issues on appeal.

For Appellant's fourth issue on appeal, Appellant claims that "Pennsylvania law permitting mandatory sentences of life without parole for crimes committed by 18-year-olds lacks a rational basis given *Miller's* prohibition against such sentences for offenders aged 17 and younger and therefore violates the equal protection clauses of the Pennsylvania and [United States] Constitutions." Appellant's Brief at 34-36. Again, this Court has already held that we do not have jurisdiction to consider the merits of this claim. *Cintora*, 69 A.3d at 764 ("[a]ppellants' third issue, of 'whether mandatory life without parole terms for adults in homicide case violates state and federal equal protection clauses as well as article 7 of the universal declaration of human rights,' likewise does not merit our review, as it too cannot evade the timeliness requirements of the PCRA").

Moreover, Appellant's claim fails under the plain language of Section 9545(b)(1)(iii), as Appellant's equal protection claim, again, seeks an **extension** of the right recognized in *Miller* and is merely utilizing *Miller* to **derive** another constitutional right. Simply stated, Appellant's equal protection claim does not assert that she is entitled to relief under the actual right that *Miller* recognized and, thus, Appellant's claim does not fall under the newly-recognized constitutional right exception to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii) ("[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of

- 13 -

the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . . **the right asserted** is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively") (emphasis added).

Finally, Appellant claims that the PCRA court erred when it dismissed her fourth PCRA petition without holding a hearing. This claim is meritless. ***Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) ("[a]ppellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [a]ppellant's petition without a hearing").

To conclude, Appellant's PCRA petition is manifestly untimely and Appellant did not properly plead any of the statutory exceptions to the one-year time-bar. Therefore, neither the PCRA court nor this Court has subject matter jurisdiction to consider the merits of Appellant's claims. The PCRA court thus did not err when it dismissed Appellant's petition without holding a hearing. ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011); Pa.R.Crim.P. 907(1).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2017